**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

| | |
|---|---|
| **JILL ALTMEYER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO:** |
| ) | |
| **CASEY'S GENERAL STORES, INC.,** ) | 3:10-cv-176-RLY-WGH |
| ) | |
| **Defendant.** ) | |

**COMPLAINT AND JURY DEMAND**

**I.   NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Jill Altmeyer ("Altmeyer"), by counsel, against Defendant, Casey's General Stores, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et. seq.*, Indiana's "Blacklisting" Statute, Ind. Code §§ 22-5-3 *et seq.*, and tortious interference with a business relationship.

**II.   PARTIES**

2. Altmeyer is a resident of the State of Indiana who, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a business entity which, at all times relevant to this action, maintained offices and conducted business within the geographical boundaries of the Southern District of Indiana.

**III.   JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject-matter of this Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

6. Altmeyer is an "employee" within the meaning of 42 U.S.C. § 12111(4).

7. Altmeyer satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her age and disability. Altmeyer received the appropriate Notice of Suit Rights and brings this original action within ninety (90) days of her receipt thereof.

8. Altmeyer has a "disability" and/or Defendant regarded her as having a "disability" as that term is defined by 42 U.S.C. § 12102(2).

9. Altmeyer is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8).

10. Altmeyer's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

11. Civil action for Blacklisting is authorized by I.C. §§ 22-5-3 *et seq*

12. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

13. In or about 1997 Altmeyer was involved in a car accident which resulted in serious injuries to Altmeyer. As a result of her injuries, Altmeyer has been forced to take several forms of medications. The car accident has also resulted in Altmeyer being diagnosed with depression and requires Altmeyer to seek assistance from a therapist

14. Defendant hired Altmeyer to work in its Chandler, Indiana store in or about January 2009. When Defendant hired Altmeyer, Altmeyer forthrightly stated that she had been in a serious automobile accident and had to take several medications.

15. On or about September 20, 2009, Debra Hickman ("Hickman"), the Store Manager for the Chandler, Indiana store stated to Altmeyer, "You look funny" and sent her home. Prior to being sent home, Altmeyer had worked the entire morning frying doughnuts and preparing other items without incident.

16. Hickman consistently criticized Altmeyer for taking medication. Often Hickman would tell Altmeyer that she had "taken enough pills" or "didn't need to take her pills."

17. On or about September 21, 2009, Hickman informed Altmeyer that she was being sent home after telling Altmeyer, "You are not going to get hurt on my shift and make me look bad."

18. On or about September 26, 2009, Hickman informed Altmeyer that she was being suspended because Hickman felt that Altmeyer could not perform all of the functions of her job. At the time, Altmeyer was satisfactorily completing her assigned duties and had not received any form of discipline.

19. On or about September 28, 2009, Hickman once again suspended Altmeyer. Hickman did not give Altmeyer any reasons as to why she was being suspended.

20. On or about October 12, 2009, Hickman terminated Altmeyer due to her disabilities.

21. Altmeyer's disabilities substantially limits several of her major life activities such as cooking, sleeping, and other daily chores. Nevertheless, during her tenure with Defendant,

Altmeyer met or exceeded all legitimate expectations of the Defendant either with or without a reasonable accommodation.

22. Approximately three (3) weeks after Defendant terminated Altmeyer, Altmeyer sought employment at a McDonald's in Boonville, Indiana. A hiring manager at the McDonald's named "Bethany" informed Altmeyer that she would be hired so long as her previous employment references were verified.

23. When Bethany contacted Hickman, Hickman falsely informed Bethany that Altmeyer was "unhireable" among other statements. As a result of Hickman's statements, Bethany was unable to permit Altmeyer to begin working at the McDonalds.

### V. LEGAL ALLEGATION

#### COUNT I: DISABILITY DISCRIMINATION

24. Altmeyer hereby incorporates paragraphs one (1) through twenty-three (23) of her complaint as if the same were set forth at length herein.

25. Defendant failed to accommodate Altmeyer's known disability for which a reasonable accommodation existed.

26. Defendant subjected Altmeyer to disparate treatment on the basis of her disability or its perception of her disability and unlawfully terminated Altmeyer's employment.

27. Defendant's intentional and willful actions were taken in reckless disregard for Altmeyer's rights as protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.S. § 12112(b)(4).

28. Altmeyer has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: BLACKLISTING—DISCLOSURE OF INFORMATION

29. Altmeyer hereby incorporates paragraphs one (1) through twenty-eight (28) of her complaint as if the same were set forth at length herein

30. Defendant prevented Altmeyer from obtaining employment with a prospective employer.

31. Defendant disclosed false information regarding Altmeyer to the prospective employer.

32. Defendant knew that the information that it disclosed to the prospective employer was false at the time that the disclosure was made.

33. Altmeyer has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III: BLACKLISTING—INTERFERENCE

34. Altmeyer hereby incorporates paragraphs one (1) through thirty-three (33) of her complaint as if the same were set forth at length herein.

35. Defendant authorized, allowed or permitted its agent(s) to blacklist Altmeyer and prevented her from obtaining employment with a prospective employer.

36. Altmeyer has suffered damages as a result of Defendant's unlawful conduct.

## COUNT IV: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

37. Altmeyer hereby incorporates paragraphs one (1) through thirty-six (36) of her complaint as if the same were set forth at length herein.

38. Defendant was aware of the business relationship between Altmeyer and a prospective employer.

39. Defendant intentionally and unjustifiably interfered with the business relationship between Altmeyer and the prospective employer.

40. Altmeyer has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jill Altmeyer, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

a) Reinstate Altmeyer to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Altmeyer of front pay in lieu thereof;

b) Payment to Altmeyer of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

c) Payment to Altmeyer of compensatory damages for Defendant's violations of the ADA, Blacklisting Statute, and Tortious Interference with a Business Relationship

d) Payment to Altmeyer of punitive damages for Defendant's violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.S. § 12112(b)(4);

e) Payment to Altmeyer of pre- and post-judgment interest;

f) Payment to Altmeyer of all costs and attorney fees incurred in litigating this action; and

g) Provide to Altmeyer any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _____
Kyle F. Biesecker, Attorney No. 24095-49
William M. Krowl, Attorney No. 29331-49
411 Main Street

Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
wkrowl@bdlegal.com

Attorneys for Plaintiff, Jill Altmeyer

### DEMAND FOR JURY TRIAL

Plaintiff, Jill Altmeyer, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _____
Kyle F. Biesecker, Attorney No. 24095-49
William M. Krowl, Attorney No. 29331-49
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
wkrowl@bdlegal.com

Attorneys for Plaintiff, Jill Altmeyer